**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| HUGH JOSEPHS Jr., : | Civil Action No. 17-6971 (RMB) |
| : | |
| Petitioner : | |
| : | |
| v. : | **OPINION** |
| : | |
| WARDEN STEVEN JOHNSON and : | |
| ATTORNEY GENERAL : | |
| OF THE STATE OF NEW JERSEY, : | |
| : | |
| Respondents : | |

**BUMB, United States District Judge**

On September 12, 2017, Petitioner, an inmate incarcerated in New Jersey State Prison in Trenton, New Jersey, submitted various documents to this Court, which this Court construed as an attempt to file a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Pet., ECF No. 1.) On March 23, 2018, Petitioner filed an amended habeas petition. (Am. Pet., ECF No. 3.) On July 17, 2018, Respondent filed a motion to dismiss the petition as barred by the statute of limitations. (Mot. to Dismiss, ECF No. 7.) Petitioner did not file an opposition to Respondent's motion to dismiss. For the reasons discussed below, the Court will dismiss the petition as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

I.   BACKGROUND

On January 22, 1995, in the New Jersey Superior Court in Camden, New Jersey, Petitioner was found guilty by a jury of three counts of murder, one count of aggravated assault, one count of possession of a weapon for an unlawful purpose, and one count of third-degree unlawful possession of weapons. (Mot. to Dismiss, Ex. 2, ECF No. 7-3.) Petitioner was sentenced, on January 30, 2004, to an aggregate sentence of 160 years imprisonment with 95 years parole ineligibility. (Mot. to Dismiss, Ex. 4, ECF No. 7-5 at 8.)

On October 29, 2004, Petitioner filed a notice of appeal in the New Jersey Superior Court, Appellate Division. (Mot. to Dismiss, Ex. 5, ECF No. 7-6.) On June 26, 2006, the Appellate Division affirmed Petitioner's conviction but remanded for resentencing on the aggravated assault conviction, determining that the ten-year sentence exceeded the statutory presumptive term. (Mot. to Dismiss, Ex. 6, ECF No. 7-7.)

On August 22, 2008, the trial court amended the judgment of conviction ("JOC") to reflect a five-year sentence with two-and-a-half years parole ineligibility on the aggravated assault conviction, resulting in an aggregate sentence of 155 years imprisonment and 92.5 years without parole eligibility. (Mot. to Dismiss, Ex. 7, ECF No. 7-8.) On November 21, 2006, the New Jersey Supreme Court denied Petitioner's petition for certification. (Mot. to Dismiss, Ex. 8, ECF No. 7-9.)

Petitioner submitted a petition for post-conviction relief (PCR) to the New Jersey Superior Court, Law Division on December 31, 2013. (Mot. to Dismiss, Ex. 9, ECF No. 7-10.) On February 18, 2015, after considering the parties' oral arguments and written submissions, the PCR court denied the petition. (Mot. to Dismiss, Ex. 10, ECF No. 7-11.) Petitioner filed a notice of appeal of the PCR Court's decision on June 25, 2015, in the Appellate Division. (Mot. to Dismiss, Ex. 11, ECF No. 7-12; Ex. RTA-14-2-18-15, ECF No. 7-29.)

On March 23, 2017, the Appellate Division affirmed the PCR court's denial of Petitioner's PCR petition as procedurally barred under Rule 3:22-12(a)(1) and, alternatively, on the merits. State v. Josephs, No. A-4697-14T2 (N.J. Super. Ct. App. Div. March 23, 2017); (Mot. to Dismiss, Ex. 12, ECF No. 7-13.) Petitioner filed a petition for certification in the New Jersey Supreme Court, which was denied on July 10, 2017. State v. Josephs, 170 A.3d 319 (N.J. 2017); (Mot. to Dismiss, Exs. 13 and 14, ECF Nos. 7-14, 7-15.)

Petitioner filed what this Court construed as his original habeas petition on September 12, 2017. (Pet., ECF No. 1.) Petitioner thereafter filed an amended habeas petition on March 23, 2018. (Am. Pet., ECF No. 3.) According to the Amended Petition, Petitioner filed a request for post-conviction DNA testing in state court prior to seeking habeas relief. (Am. Pet., ECF No. 3 at 5.) The request was denied on March 8, 2017. (Id.)

Petitioner attached to his Amended Petition what appears to be at least a partial copy of his motion for DNA testing, dated January 7, 2016. (Am. Pet., Exhibit, ECF No. 3-2 at 6-9.) In a document entitled "Prelude to 'Habeas Corpus-Brief,'" Petitioner asserts post-conviction DNA testing is mandated by precedent and authorized by N.J.S.A. 2A: 84A-32a. (Id. at 33-35.) He contends that "it would be a[n] injustice to deny a[n] Innocent person the opportunity to prove his innocence through DNA testing." (Id. at 35.) Petitioner asserts his actual innocence and argues that the habeas court has authority to overcome any procedural bars to his petition. (Id. at 37.) Although the Amended Petition (with exhibits) is not clear, it appears that in addition to seeking DNA testing and asserting his actual innocence, Petitioner is seeking relief on the claims he exhausted on direct appeal and in the PCR Court.

II. DISCUSSION

   A.  Respondents' Motion to Dismiss

Respondents contend that Petitioner's habeas corpus petition was not filed within the one-year limitations period of 28 U.S.C. § 2244(d)(1); it was filed more than seven years late. (Mot. To Dismiss, ECF No. 7 at 8.) Respondents further contend Petitioner has not met his burden for statutory or equitable tolling of the limitations period. (Id. at 14.)

4

Respondents assert that Petitioner's direct appeal concluded on November 21, 2006, when the New Jersey Supreme Court denied his petition for certification. (Mot. To Dismiss, Ex. 8, ECF No. 7-9.) Petitioner's conviction then became final for habeas purposes on February 19, 2007, upon the expiration of the 90-day period in which he could have sought a writ of certiorari from the United States Supreme Court. (Mot. to Dismiss, ECF No. 7 at 10.)

Respondents note, however, that Petitioner's limitations period arguably did not begin running until the expiration of the time for seeking review of his Amended JOC, dated August 22, 2008. (Id. at 11.) Petitioner never sought appellate review of the Amended JOC, therefore, the one-year limitations period may have started running when the 45-day window for appellate review expired, October 6, 2008. (Id.) Furthermore, Respondents contend the time limitations period was not statutorily tolled because Petitioner's state PCR application was not timely and, therefore, not a "proper" filing. (Id.)

Respondents acknowledge that Section 2244(d) is subject to equitable tolling in appropriate cases. (Id. at 12-13.) This is not such a case, Respondents contend, because Petitioner has not shown that he has been pursuing his rights with reasonable diligence, or that some extraordinary circumstance stood in his way which prevented timely filing. (Id. at 14.)

B.  <u>Legal Standard</u>

28 U.S.C. § 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

After a petitioner seeks review from the State's highest court, the judgment of conviction becomes final, and the limitations period begins to run after expiration of the 90-day

6

period for filing a petition for writ of certiorari in the United States Supreme Court. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). A properly-filed application for post-conviction relief tolls the habeas statute of limitations under 28 U.S.C. § 2244(d)(2). Pace v. Diguglielmo, 544 U.S. 408, 410 (2005).

Equitable tolling applies to the one-year statute of limitations under 28 U.S.C. § 2244(d) in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). Convincing evidence of actual innocence, under the miscarriage of justice exception that excuses procedurally defaulted habeas claims, may also excuse the failure to timely file a habeas petition. McQuiggin v. Perkins, 569 U.S. 383, 396-98 (2013). "[A] petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of [] new evidence." Id. at 399 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). The Supreme Court has stated that "'[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.'" Coleman v. Greene, 845 F.3d 73, 76 (3d Cir. 2017) (quoting Schlup, 513 U.S. at 316.))

C. Analysis

1. Challenges to denial of Post-conviction DNA testing motions are properly brought in a § 1983 action

7

"In Skinner v. Switzer, the Supreme Court held 'that a postconviction claim for DNA testing is properly pursued in a § 1983 action[,]' not a habeas petition." Bonner v. Montgomery Cty., 458 F. App'x 135, 136 n. 1 (3d Cir. 2012) (quoting Skinner, ---- U.S. ----, ----, 131 S.Ct. 1289, 1293, 179 L.Ed.2d 233 (2011). The Court will dismiss Petitioner's habeas challenge to the denial of his post-conviction motion for DNA testing without prejudice to Petitioner bringing the claim in a civil rights action under 42 U.S.C. § 1983. See Bonner, 458 F. App'x at 137 ("the majority in *Skinner* pointed out that '*Osborne* rejected the extension of substantive due process' to the area of DNA testing 'and left slim room for the prisoner to show that the governing state law denies him procedural due process'" (quoting Skinner, 131 S.Ct. at 1293 (citing District Attorney's Office for Third Judicial Dist. v. Osborne, 129 S.Ct. 2308, 2322 (2009)). The Court will provide Petitioner with the appropriate forms to file an action under 42 U.S.C. § 1983.

2. The habeas petition was untimely filed.

Direct review of Petitioner's conviction and sentence became final on October 6, 2008, upon expiration of the 45-day period to seek review of the Amended JOC.[1] See e.g. Marinez v. Mee, Civ. No.

---

[1] Federal Rule of Civil Procedure 6(a)(1)(A) provides that:

(a) Computing Time. The following rules apply

8

10-4163(FSH), 2012 WL 273884 at *3 (D.N.J. Jan. 31, 2012); Petitioner's conviction was not final until the "expiration of the time for seeking ... review" of the amended judgment of conviction in the Appellate Division) (quoting Gonzalez v. Thaler, 565 U.S. 134, 137 (2015); Ardis v. Attorney General of New Jersey, Civ. Action No. 17-2912 (JBS), 2018 WL 1169119, at *2 (D.N.J. Mar. 6, 2018) (citing Burton v. Stewart, 549 U.S. 147, 156–57 (2007) (AEDPA limitations period does not begin "until both [petitioner's] conviction and sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review'"(emphasis in original)); Berman v. United States, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment.")) The statute of limitations under § 2244(d)(1)(A) began to run in Petitioner's action on October 7, 2008. It expired on October 7, 2009.

---

> in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
>
> (1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:
>
> (A) exclude the day of the event that triggers the period[.]

Petitioner filed an untimely PCR petition on December 31, 2013, at which time the one-year habeas statute of limitations period had already lapsed. The PCR Court, affirmed by the Appellate Division, held that the PCR petition was untimely and procedurally barred by New Jersey Court Rule 3:22-12(a)(1). (Mot. to Dismiss, Ex. 12, ECF No. 7-13 at 3; Motion to Dismiss, Ex. RTA14-2-18-15, ECF No. 7-29 at 7-8.) The PCR Court, affirmed by the Appellate Division, alternatively denied relief on the merits. When Petitioner filed his habeas petition on September 12, 2017, the habeas limitations period had long expired.

### 3. Equitable tolling

Petitioner asserts his actual innocence as a basis for equitable tolling of the statute of limitations. (Am. Pet., Exhibit, ECF No. 3-2 at 32-33.) In his Amended Petition, Petitioner stated "I've steadfastly maintained my actual & absolute (Innocence) citing my alibi witnesses and exculpatory materials which remain untested." (Am. Pet., ECF No. 3 at 4.) The untested exculpatory materials Petitioner refers to are the post-conviction DNA tests he seeks.

"To invoke the miscarriage of justice exception to AEDPA's statute of limitations" based upon a claim of actual innocence "a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" McQuiggin v. Perkins, 569 U.S. 383, 399 (2013).

"Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." Id.

Petitioner has not presented new evidence of his alibi. In his PCR Petition, which was denied as untimely and alternatively on the merits, Petitioner argued that his counsel was ineffective for failing to present alibi witnesses on his behalf. The PCR Court held that

> the trial counsel was not ineffective for not investigating the defendant's supposed alibi. The defendant asserts that he provided trial counsel with a written statement that outlined where he was and who he was with on January 22, 1995 when all three victims were murdered. He further asserts that he advised both of his trial attorneys, John Call and Charles Sandilos, of his alibi and neither ever conducted an investigation into his alibi witnesses.
>
> Not only does the defendant fail to provide this Court with a copy of this written statement, he fails to provide even the barest information supporting his alibi including his supposed whereabouts at the time of the shooting, the name of any witnesses who may have seen him there or any sworn statements or affidavits supporting this proposition. Given the complete lack of factual support in the record, the Court cannot conclude that trial counsel was deficient for failing to investigate this alibi.
>
> Similarly, the Court cannot conclude that failure to investigate the alibi prejudiced the defendant in light of the defendant's confession to the police that he was present at 3212 Federal Street the morning of January

11

>     22, 1995. And his admission that he shot one
>     of the victims, Barrington McLean.
>
>     The testimony of Emil Josephs to defendant's
>     involvement in the shooting and his marijuana
>     selling business and other circumstantial
>     evidence that defendant was present in the
>     apartment, including the forensic and
>     ballistic evidence, the statement of Delores
>     Morrison and the five years defendant spent
>     [as] a fugitive after evading police. Since
>     the record before this Court does not
>     demonstrate that counsel was deficient for not
>     researching the supposed alibi or that such a
>     failure prejudiced the defendant, the
>     defendant has not made a prima facie case for
>     ineffective assistance of counsel.

(Mot. to Dismiss, Ex. RTA 14-2-18-15, ECF No. 7-29 at 9-10.)

The Appellate Division affirmed, stating

> If a defendant claims his counsel inadequately
> investigated an alibi, he or she must assert
> facts that an investigation would have
> revealed, supported by affidavits or
> certifications based on the personal knowledge
> of the affiant…. We must consider a
> defendant's contentions indulgently, by
> viewing the asserted facts in a light most
> favorable to the defendant….
>
> We have considered defendant's ineffective
> assistance of counsel contention in light of
> the record and applicable legal principles
> and conclude it is without sufficient merit to
> warrant discussion in a written opinion…. We
> affirm.

(Mot. to Dismiss, Ex. 12, ECF No. 7-13 at 7-8) (citations omitted).

Petitioner has also alleged that "DNA testing would raise a reasonable probability that, if favorable to defendant, a motion for new trial based upon newly discovered evidence would be

12

granted." (Am. Pet., Ex., ECF No. 3-2 at 35.) Petitioner argued that DNA testing of blood stains from the crime scene would prove the presence of an unknown third-party perpetrator. (Id. at 9.) Petitioner's motion for DNA testing was denied. (Id. at 5.) Petitioner does not have new evidence of his actual innocence. Therefore, Petitioner has failed to meet the McQuiggin standard for actual innocence based on new evidence to excuse his untimely habeas petition. Petitioner is not entitled to equitable tolling of the statute of limitations based on his allegation of actual innocence.

III. CERTIFICATE OF APPEALABILITY

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

For the reasons discussed above, jurists of reason would not disagree that Petitioner's habeas petition is barred by the one-

13

year statute of limitations, and that the miscarriage of justice exception does not excuse Petitioner's untimeliness based on his assertion of actual innocence. Therefore, the Court will deny a certificate of appealability.

IV. CONCLUSION

For the reasons discussed above, Respondents' motion to dismiss will be granted because the habeas petition is barred by the statute of limitations under 28 U.S.C. § 2244(d)(1), (2). An appropriate order follows.

Dated: December 12, 2018

> s/Renée Marie Bumb
> **RENÉE MARIE BUMB**
> **United States District Judge**